UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDENT A, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> BERKELEY UNIFIED SCHOOL DISTRICT, et al., <br><br> Defendants. | Case No. 17-cv-02510-MEJ <br><br> **ORDER RE: MOTION TO PROCEED USING FICTITIOUS NAMES; APPLICATIONS FOR THE APPOINTMENT OF GUARDIANS AD LITEM** <br><br> Re: Dkt. Nos. 2, 6-9 |

## INTRODUCTION

Pending before the Court are Plaintiffs' Motion to Proceed Using Fictitious Names (Mot., Dkt. No. 2) and Applications for the Appointment of Guardians Ad Litem (Appls., Dkt. Nos. 6-9). Having considered the parties' positions, the record in this case, and the relevant legal authority, the Court **GRANTS** the Applications and **DENIES** the Motion.

## BACKGROUND

Plaintiffs are four elementary, middle, and high school students from the Berkeley Unified School District ("BUSD"). Compl. ¶¶ 24-27, Dkt. No. 1. Each Plaintiff—identified in their Complaint as Students A, B, C, and D—has been diagnosed with specific learning disabilities ("SLDs"). *Id.* ¶¶ 24-27. Plaintiffs allege these SLDs entitle them to receive services under the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1400 et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq.; and California Education Code § 5600 et seq. *Id.* ¶¶ 24-27. Plaintiffs further allege state and federal laws require California school districts to provide them with a free appropriate public education in the least restrictive environment. *Id.* (all); *see id.* ¶¶ 6-10. They contend BUSD systematically fails to do so. *Id.* ¶¶ 10-15.

Plaintiffs bring this putative class action against Defendants BUSD; Superintendent of

1  BUSD Donald Evans; the BUSD Board of Education; and Directors of the BUSD Board of
Education Beatriz Leyva-Cutler, Ty Alper, Judy Appel, Josh Daniels, and Karen Hemphill
(collectively, "Defendants"). *Id.* ¶¶ 32-36. They assert five claims for (1) violations of IDEA; (2) violations of the Rehabilitation Act, 29 U.S.C. § 794 et seq.; (3) violations of Title II of the ADA; (4) violations of California Education Code section 56000 et seq.; and (5) declaratory relief. *Id.* ¶¶ 165-208.

## DISCUSSION

Because Plaintiffs request that the guardians ad litem proceed anonymously, the Court first considers whether guardians ad litem should be appointed before determining whether they and Plaintiffs may use fictitious names.

**A.    Ex Parte Applications for the Appointment of Guardians Ad Litem[1]**

1.    Legal Standard

Federal Rule of Civil Procedure 17 allows a general guardian to sue on behalf of a minor or incompetent person. Fed. R. Civ. P. 17(c)(1)(A). Courts "must appoint a guardian ad litem . . . to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "The decision to appoint a guardian ad litem under Rule 17(c) is normally left to the sound discretion of the trial court[.]" *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). "When there is no conflict of interest, the guardian ad litem appointment is usually made on ex parte application and involves minimal exercise of discretion by the trial court." *Kulya v. City & Cty. of S.F.*, 2007 WL 760776, at *1 (N.D. Cal. Mar. 9, 2007) (citing *In re Marriage of Caballero*, 27 Cal. App. 4th 1139, 1149 (1994)).

2.    Analysis

Plaintiffs seek the appointment of guardians ad litem on account of their minor status. As all Plaintiffs live in California (*see* Compl. ¶¶ 24-27), California law applies to these Motions. *See* Fed. R. Civ. P. 17(b)(1) (the "[c]apacity to sue or be sued is determined . . . for an individual who

---

[1] Although Defendants have been served (Dkt. No. 20), they have not yet appeared in this action and have not opposed the Applications.

2

is not acting in a representative capacity, by the law of the individual's domicile"); *Kulya*, 2007 WL 760776, at *1 (applying California law in considering whether to appoint guardian ad litem for minor residing in California). California law defines a minor as an individual under the age of eighteen. Cal. Fam. Code § 6502(a)(2).

"When a minor . . . is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action or proceeding is pending, or by a judge thereof, in each case." Cal. Civ. Proc. Code § 372(a)(1); *see* Cal. Fam. Code § 6601 ("A minor may enforce the minor's rights by civil action or other legal proceedings in the same manner as an adult, except that a guardian must conduct the action or proceedings."). "'If the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation.'" *Neri v. Tennis Villas at Blackhawk Ass'n, Inc.*, 2013 WL 6091798, at *1 (N.D. Cal. Nov. 19, 2013) (brackets omitted; quoting *Williams v. Superior Court*, 147 Cal. App. 4th 36, 50 (2007)).

The Court considers each Plaintiff in turn.[2]

a. *Student A*

Student A requests the Court appoint her mother and legal guardian, ▇▇▇▇▇▇▇▇▇▇▇▇, as her guardian ad litem for purposes of this lawsuit. Student A Appl. at 3, Dkt. No. 6. ▇▇▇▇▇▇▇▇▇▇▇▇ declares she is Student A's legal guardian and she is competent and willing to act in Student A's best interest. Student A Guardian Ad Litem ("GAL") Decl. ¶ 2; Dkt. No. 6-1.

---

[2] Pursuant to Rule 5.2(g), Plaintiffs provide a Reference List, which identifies Plaintiffs' names, their proposed guardians ad litem, and their respective pseudonyms. Dkt. No. 5-23 (redacted version); Dkt. No. 5-24 (unredacted version). The names and pseudonyms in the Reference List do not match the Applications for Appointment of Guardians Ad Litem. *Compare* Dkt. No. 5-24 (identifying Parents A, B, C, and D as ▇▇▇▇▇▇▇, ▇▇▇▇▇▇▇▇, ▇▇▇▇▇▇▇▇, and ▇▇▇▇▇▇▇▇▇▇▇▇, respectively) *with* Student A Appl. (identifying Parent A as ▇▇▇▇▇▇▇▇▇▇▇▇); Student B Appl. (identifying Parent B as ▇▇▇▇▇▇▇); Student C Appl. (identifying Parent C as ▇▇▇▇▇▇▇▇); Student D Appl. (identifying Parent D as ▇▇▇▇▇▇▇▇▇▇▇). The Court STRIKES the Reference List. Plaintiffs may file a new reference list that it corresponds with the Complaint and the Applications and that accords with this Order. The ages of the Plaintiffs listed in the Applications match those listed in the Complaint. *Compare* Compl. *with* Dkt. Nos. 6-9.

For purposes of this Order, the Court uses the pseudonyms used in the Applications.

1 Given Student A's minor status, and as nothing in the record indicates a conflict of interest
2 between Student A and ███████████, the Court GRANTS Student A's Motion and
3 APPOINTS ███████████ as her guardian ad litem.

    b. *Student B*

Student B requests the Court appoint his mother and legal guardian, ███████████, as his guardian ad litem for purposes of this lawsuit. Student B Appl. at 4, Dkt. No. 7. ███████ declares she is competent and willing to act in Student B's best interests. Student B GAL Decl. ¶ 2, Dkt. No. 7-1. Given Student B's minor status, and as nothing in the record indicates a conflict of interest between Student B and ███████, the Court GRANTS Student B's Motion and APPOINTS ███████ as his guardian ad litem.

    c. *Student C*

Student C requests the Court appoint his mother and legal guardian, ███████████, as his guardian ad litem for purposes of this lawsuit. Student C Appl. at 4, Dkt. No. 8. ███████████ declares she is competent and willing to act in Student C's best interests. Student C GAL Decl. ¶ 2, Dkt. No. 8-1. Given Student C's minor status, and as nothing in the record indicates a conflict of interest between Student C and ███████, the Court GRANTS Student C's Motion and APPOINTS ███████ as his guardian ad litem.

    d. *Student D*

Student D requests the Court appoint her mother and legal guardian, ███████████████, as her guardian ad litem for purposes of this lawsuit. Student D Appl. at 4, Dkt. No. 9. ███████ declares she is competent and willing to act in Student D's best interests. Student D GAL Decl. ¶ 2, Dkt. No. 9-1. Given Student D's minor status, and as nothing in the record indicates a conflict of interest between Student D and ███████, the Court GRANTS Student D's Motion and APPOINTS ███████ as her guardian ad litem.[3]

---

[3] As Student D is currently seventeen years old (Compl. ¶ 27), she likely will legally become an adult during the course of this litigation. Plaintiffs do not address the impact this will have on the necessity of a guardian ad litem, nor how it will affect the applicability of Federal Rule of Civil Procedure 5.2(a)(3). *See infra.*

3. <u>Summary</u>

The appointments are as follows:

1. ██████████████████████ is appointed guardian ad litem for Student A, ██████████████████████.

2. ████████████ is appointed guardian ad litem for Student B, ████████ ██████;

3. ██████████████ is appointed guardian ad litem for Student C, ██████ ████████████; and

4. ██████████████████ is appointed guardian ad litem for Student D, ████ ██████.

**B.     Motion to Proceed Using Fictitious Names**

Plaintiffs move to proceed under fictitious names for themselves and their guardians ad litem. Fictitious Mot., Dkt. No. 2.

1. <u>Legal Standard</u>

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties[.]" *See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010) ("The normal presumption in litigation is that parties must use their real names."). Nonetheless, "the Ninth Circuit[] ha[s] permitted parties to proceed anonymously when special circumstances justify secrecy[,]" specifically, "in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (internal quotation marks and ellipses omitted). A party may use a pseudonym "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

The Ninth Circuit instructs that

> where . . . pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such

5

United States District Court
Northern District of California

1     retaliation.

*Advanced Textile*, 214 F.3d at 1068 (citations omitted).

### 2. Analysis

Plaintiffs seek to use fictitious names for both themselves and their guardians ad litem.

#### a. *Plaintiffs*

Federal Rule of Civil Procedure 5.2(a)(3) restricts the identification of minors to their initials. Fed. R. Civ. P. 5.2(a)(3). Plaintiffs seek to further protect their identities by proceeding under the names Student A, Student B, Student C, and Student D. Mot. at 1.

Plaintiffs do not argue they will suffer retaliation, harassment, injury, ridicule, or personal embarrassment if their identities are revealed. Nothing in the record before the Court suggests Plaintiffs have been threatened with harm or reasonably fear harm will result from the disclosure of their identities. Similarly, there is no evidence that the publicity from this lawsuit could be detrimental to Plaintiffs. *See Smith v. Belshe*, 1993 WL 13001526, at *1 (E.D. Cal. Dec. 1, 1993). At this point, the Court finds Plaintiffs have not established any reason to go beyond the protections afforded by Rule 5.2(a)(3) and conceal their identities beyond their initials.

Counsel for Plaintiffs, Larisa Cummings, declares that if Plaintiffs' initials are revealed, Plaintiffs' true identities will be readily determined. Cummings Decl. ¶ 2, Dkt. No. 2-1. But Plaintiffs do not provide support for the contention that their identities could be "readily determined" by their initials. They allege that "in BUSD, which serves approximately 10,000 students, reading disorders impact hundreds of students in any given school year." Compl. ¶ 2 (footnote omitted). Even accounting for only the "hundreds of students" diagnosed with reading disorders, Plaintiffs do not show, let alone argue, that this population is small enough that Plaintiffs could be identified by their true initials. *See Jessica K. by & through Brianna K. v. Eureka City Sch. Dist.*, 2014 WL 689029, at *2 (N.D. Cal. Feb. 21, 2014) ("Given the reportedly small size of African American and Native American populations in Eureka, plaintiffs are concerned that they will be identified if their actual initials or their guardians ad litem's names are used. No doubt, this is true.").

Plaintiffs argue that "courts have routinely permitted anonymous pleadings brought to

assert and protect educational rights." Mot. at 3 (citing *Plyler v. Doe*, 457 U.S. 202 (1982); *J.L. v. Mercer Island Sch. Dist.*, 592 F.3d 938, 941 n.1 (9th Cir. 2009); *Dep't of Educ. v. Katherine D.*, 727 F.2d 809 (9th Cir. 1983); *A.B. ex rel. W.F.B. v. S.F. Unified Sch. Dist.*, No. C 07-4738 PJH, 2007 WL 2900527, at *1 (N.D. Cal. Oct. 2, 2007)). But the cases cited by Plaintiffs do not support their argument. The *Mercer Island* and the *Katherine D.* courts allowed the minor parties to proceed under their initials, not under fictitious names. *See Mercer Island Sch. Dist.*, 592 F.3d at 941 n.1 ("In the interest of preserving the family's privacy because K.L. was a minor at all relevant times, we identify Plaintiffs as 'K.L.,' 'Parents,' 'Mother' and 'Father.'"); *Katherine D.*, 727 F.2d (identifying minor and her parents by their first names and last initial). This is consistent with Rule 5.2(a)(3). The court in *A.B. ex rel. W.F.B.* allowed the minor plaintiff and his guardian to proceed under the pseudonyms A.B. and W.F.B; however, it is unclear whether these are fictitious identifiers or simply their initials. 2007 WL 29005247, at *1. Finally, while *Plyler* involved parties proceeding as "J. and R. Doe," the issue before the Supreme Court was not the use of a fictitious name, and the Court does not explain the factual circumstances that warranted the use of Doe pseudonyms. *See Plyler*, 457 U.S.

As such, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' request to proceed as Students A, B, C, and D. They may, however, use their initials as permitted by Rule 5.2(a)(3). If Plaintiffs can meet the requirements set forth in this Order, they may renew their Motion no later than May 31, 2017.

    b.  *Guardians Ad Litem*

Rule 5.2 does not apply to guardians ad litem. *Jessica K.*, 2014 WL 689029, at *2. Nonetheless, Plaintiffs request their guardians ad litem be allowed to proceed under the fictitious names of Parent A, Parent B, Parent C, and Parent D. Mot. at 1.

Plaintiffs explain that Plaintiffs' "names are directly traceable to their parents', particularly given that some of them share their last names with their Guardians." *Id.* at 3. Cummings thus declares that "[i]f the . . . names and/or initials of [Plaintiffs'] Guardians are revealed, [Plaintiffs'] true identities will be readily determined." Cummings Decl. ¶ 2.

As explained above, there is no evidence there may be repercussions if Plaintiffs' identities

are revealed.  Moreover, courts—including the undersigned—have identified a guardian ad litem by name or initials even if, as here, the guardian ad litem is the minor's parent.  *See e.g.*, *Frary v. Cty. of Marin*, 2015 WL 3776402, at *1 (N.D. Cal. June 16, 2015) ("Plaintiff Jamie Ball, Guardian ad Litem of A.C. ('the Minor' or 'A.C'), petitions this Court for an order approving her compromise of her minor daughter's claim[.]"); *Fotinos v. Fotinos*, 2014 WL 546083, at *1 (N.D. Cal. Feb. 7, 2014), *aff'd*, 644 F. App'x 793 (9th Cir. 2016); *Guerrero v. Brentwood Union Sch. Dist.*, 2013 WL 5934707, at *1 (N.D. Cal. Nov. 4, 2013); *W.O. ex rel. Overcast v. United States*, 2011 WL 4433637, at *1 (S.D. Cal. Sept. 21, 2011).  There are no declarations from the guardians ad litem stating they fear retaliation if their identities are revealed.

Accordingly, the Court cannot conclude it is necessary for their guardians ad litem to proceed under a fictitious name and **DENIES WITHOUT PREJUDICE** the Motion as to them.  Again, if Plaintiffs can meet the requirements set forth in this Order, they may renew their Motion.

## CONCLUSION

As Plaintiffs are minors, the Court **GRANTS** their Applications for Appointment of Guardians Ad Litem.

However, Plaintiffs simply have not argued, let alone demonstrated, that harm will result if they do not proceed under fictitious names.  Plaintiffs have not provided a basis for the Court to believe that their initials will not sufficiently protect their privacy.  As such, the Court **DENIES WITHOUT PREJUDICE** the Motion to Proceed Using Fictitious Names.  No later than **May 31, 2017**, Plaintiffs either shall refile their Motions or shall refile their Complaint with their initials and the true names of their guardians ad litem.

**IT IS SO ORDERED.**

Dated: May 17, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge