UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDENT A, ET AL.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>BERKELEY UNIFIED SCHOOL DISTRICT, et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-02510-MEJ<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 5 |

## INTRODUCTION

On May 2, 2017, Plaintiffs filed an administrative motion to file under seal portions of the following: (1) Exhibits 1 and 4 attached to their Complaint (Dkt. No. 1); (2) Applications for the Appointment of Guardians Ad Litem (Appls., Dkt. Nos. 6-9); and (3) Plaintiffs' Reference List (Dkt. No. 5-23). Dkt. No. 5. Having considered Plaintiffs' arguments,[1] the relevant legal authority, and the record in this case, the Court issues the following order.

## LEGAL STANDARD

There is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this presumption, a "party must articulate compelling reasons supported by specific fact[s]." *Id.* at 1178 (internal quotation and citation omitted); *see also Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (finding sealing

---

[1] As Defendants have not yet appeared in this action, they have not had an opportunity to oppose the Motion.

1 appropriate where companies "filed declarations from employees" that "explained the measures the two companies take to keep their product-specific financial information confidential" and "the harm they would suffer if their product-specific financial information were made public"). Indeed, such showing is required even where "the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179.

This presumption does not apply in the same way to non-dispositive motions, "such that the usual presumption of the public's right of access is rebutted." *Id.* (citing *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). "Good cause" is the proper standard when parties wish to keep records attached to a non-dispositive motion under seal. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Simply put, records attached to dispositive motions require the court to apply the compelling reasons standard, whereas records attached to non-dispositive motions require the court to apply the "good cause" standard. *See id.* at 678–79.

## DISCUSSION

### A. Exhibits 1 and 4

Courts in this District treat a complaint as a dispositive motion. *Rieckborn v. Velti PLC*, 2014 WL 4964313, at *2 (N.D. Cal. Oct. 3, 2014); *see In re NVIDIA Corp. Derivative Litig.*, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of."). As such, the compelling reasons standard applies to Exhibits 1 and 4 to the Complaint.

Exhibit 1 consists of a Compliance Resolution Process Complaint ("CRP Complaint") that the Disability Rights Education and Defense Fund ("DREDF") filed with the California Department of Education ("CDOE") on May 29, 2015, which includes declarations by parents of minor students with disabilities. *See* Compl., Ex. 1. Exhibit 4 is a Reconsideration Investigation Report by CDOE. *See id.*, Ex. 4.

Plaintiffs seek to seal those portions of Exhibit1 that identify their children's initials, the parents' names and contact information, and the schools their children attend. *See* Ex. 1. Plaintiffs also seek to redact the students' initials in Exhibit 4. *See* Ex. 4 at 1. In support of their

Motion, Plaintiffs submit the Declaration of Larisa Cummings. Cummings Decl., Dkt. No. 5-1.

The Cummings Declaration is insufficient to justify sealing the requested material, as it does not state with particularity the need to file Exhibits 1 and 4 under seal. Civil L.R. 79-5(d); *see* Cummings Decl. Cummings declares that Exhibit 1 contains "personally identifiable information of minors and their parents" and that "Exhibit 4 . . . references the same students by their initials, all of whom are minors who attend or who have attended BUSD schools." Cummings Decl. ¶¶ 3-4. This is no more than a description of the Exhibits; Cummings does not otherwise explain why this information should be sealed.

Plaintiffs argue that "Federal Rule of Civil Procedure 5.2 requires that a minor's identity must be protected and kept out of the public record." Mot. at 2. This misrepresents the scope of the Rule. In relevant part, Rule 5.2(a)(3) provides that "in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . , a party or nonparty making the filing may include only . . . the minor's initials[.]" While Rule 5.2(a)(3) permits parties to identify minors only by their initials, it does not provide a basis for sealing their initials. Cummings does not demonstrate Plaintiffs are entitled to sealing. Furthermore, Plaintiffs fail to show specific reasons why the parents' names should be redacted.

Plaintiffs shall be permitted four days from the date of this Order to provide additional information to conform with Local Rule 79-5. If Plaintiffs fail to do so, their Motion will be denied. Supplemental filings may not exceed five pages, excluding declarations and exhibits. Plaintiffs must identify "a limited amount of exceptionally sensitive information that truly deserves protection" under the "compelling reasons" standard of *Kamakana*, outlined by page and line number and including "specific factual findings" for each. *See O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *1 (N.D. Cal. Jan. 27, 2015).

**B.      Applications for the Appointment of Guardians Ad Litem**

The good cause standard applies to the non-dispositive Applications. Plaintiffs request the Court seal the portions of their Applications and accompanying Declarations that contain Plaintiffs' birthdates and the names of the guardians ad litem.

The Court previously denied Plaintiffs' Motion to Proceed Using Fictitious Names and

ordered Plaintiffs to either refile this Motion or refile their Complaint with their initials and the true names of their guardians ad litem. Order, Dkt. No. 32. The renewed motion or the refiled Complaint is due May 31, 2017. *Id.* at 8. As such, the Court **DENIES WITHOUT PREJUDICE** the Motion to Seal the names of the guardians ad litem. If Plaintiffs refile a motion to proceed using fictitious names, they may also refile their motion to seal the names of the guardians ad litem.

In addition, Rule 5.2(a)(2) allows a court filing to list only an individual's birth year. Plaintiffs nonetheless included their months and dates of their birth in the Declarations of proposed guardians ad litem. *See* Dkt. Nos. 6-1, 7-1, 8-1, 9-1. As such, the Court **GRANTS IN PART** the Motion as to Plaintiffs' birth dates: Plaintiffs may redact only the month and date of their birth.

**C.  Reference List**

Plaintiffs argue the Reference List contains the full names of each Plaintiff and their guardians ad litem. Mot. at 3. The Court previously struck Plaintiffs' Reference List on the ground that it did not accurately match each Plaintiff's identity with the correct pseudonym. *See* Order at 3 n.2; *compare* Reference List *with* Appls.; Compl. As such, the Court **DENIES AS MOOT** the Motion as to the Reference List.[2]

**CONCLUSION**

For the foregoing reasons, the Court **ORDERS** the following:

1. No later than **May 23, 2017**, Plaintiffs shall submit a declaration that states with specificity why the minors' initials and their parents' names and contact information contained in Exhibits 1 and 4 are sealable. If no declaration is filed, the Motion shall be denied.

2. The Motion as to names of the guardians ad litem is **DENIED WITHOUT**

---

[2] Cummings declares that "[i]f this information is publicly disclosed as part of this Court's record, Plaintiff students – most of whom attend schools in [Berkeley Unified School District] – would face significant exposure and potential harm." Cummings Decl. ¶ 6. This generalized statement does not demonstrate that *specific* harm or prejudice may result if Plaintiffs' names are disclosed. *See Allagas v. BP Solar Int'l, Inc.*, 2016 WL 324040, at *2 (N.D. Cal. Jan. 27, 2016).

**PREJUDICE**. Plaintiffs may refile this motion if they also refile their motion to proceed using fictitious names.

3. The Motion as to Plaintiffs' birth dates is **GRANTED IN PART**. Plaintiffs may redact the months and dates of their birth. Plaintiffs shall refile the Applications in the public docket in accordance with this Order no earlier than May 23, 2017 and no later than May 30, 2017.

4. The Motion as to Plaintiffs' Reference List is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: May 17, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge