UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| STUDENT A, et al., | Case No. 17-cv-02510-JST |
|---|---|
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |
| v. | |
| BERKELEY UNIFIED SCHOOL DISTRICT, et al., | Re: ECF No. 46 |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 46. The Court will grant the motion in part as to the individual defendants and deny it as to defendant Berkeley Unified School District ("BUSD") and the BUSD Board of Education.

**I.  BACKGROUND**

Plaintiffs are four elementary, middle, and high school students from BUSD. ECF No. 1 ¶¶ 24-27 ("Complaint"). Each of the Plaintiffs – identified in the Complaint as Students A, B, C, and D – has been diagnosed with specific learning disabilities ("SLDs"). Id. Plaintiffs allege these SLDs entitle them to receive services under the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1400 et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq.; and California Education Code § 5600 et seq. Id. ¶¶ 24-27. Plaintiffs further allege state and federal laws require California school districts to provide them with a free appropriate public education ("FAPE") in the least restrictive environment. See id. ¶¶ 6-10. They contend BUSD systematically fails to honor these obligations. Id. ¶¶ 10-15.

Plaintiffs bring this putative class action against Defendants BUSD; Superintendent of BUSD Donald Evans; the BUSD Board of Education; and the individual directors of that board.

1  Id. ¶¶ 32-36. They assert claims for (1) violations of IDEA; (2) violations of the Rehabilitation Act, 29 U.S.C. § 794 et seq.; (3) violations of Title II of the ADA; (4) violations of California Education Code section 56000 et seq.; and (5) declaratory relief. Id. ¶¶ 165-208. Defendants now move to dismiss Plaintiffs' Complaint on the basis that Plaintiffs have failed to exhaust their administrative remedies and have failed to state a claim because claims against public officials in their official capacities are redundant when those claims are also asserted against public entities. ECF No. 46 at 5.

## II.    JURISDICTION

Plaintiffs contend the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and §§ 1343(a)(3) and (4).

## III.   LEGAL STANDARDS

### A.    Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the Court. See Fed R. Civ. P. 12(b)(1). If a plaintiff lacks Article III standing to bring a suit, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1). Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). In resolving a facial attack, the court assumes that the allegations are true and draws all reasonable inferences in the plaintiff's favor. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004) (citations omitted). A court addressing a facial attack must confine its inquiry to the allegations in the complaint. See Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty., 343 F.3d 1036, 1051 (9th Cir. 2003). Defendants here bring a facial attack to the Court's jurisdiction. ECF No. 38 at 14-15.

### B.    Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

## IV. DISCUSSION

### A. IDEA Exhaustion

At the core of Defendants' motion is the assertion that Plaintiffs failed to exhaust their administrative remedies before bringing suit.

"The IDEA is a comprehensive educational scheme, conferring on disabled students a substantive right to public education and providing financial assistance to enable states to meet their educational needs." Hoeft v. Tucscon Unified Sch. Dist., 967 F.2d 1298, 1300 (9th Cir. 1992) (citing Honig v. Doe, 484 U.S. 305, 310 (1988)). Federal funds are dependent on states "implement[ing] policies assuring a 'free appropriate public education,' sometimes referred to as a 'FAPE,' for all children with disabilities." 20 U.S.C. § 1412(a). States that participate in the IDEA are required to provide students with disabilities with an IEP in furtherance of its goal of providing students with an appropriate public education. 20 U.S.C. § 1412(a)(1)(A), (a)(4).

The IDEA also "provides procedural safeguards to allow parental involvement concerning the child's educational program and allows parents to obtain administrative and judicial review of decisions they deem unsatisfactory or inappropriate." Cayla R. v. Morgan Hill Unified School Dist., No. 5:10-CV-04312 EJD, 2012 WL 1038664, at *3 (N.D. Cal. March 27, 2012) (citing

3

Honig v. Doe, 484 U.S. 305, 311-12 (1988)).

The IDEA also contains an exhaustion requirement that, absent certain exceptions, must be satisfied before a plaintiff files a lawsuit. 20 U.S.C. § 1415. The required pre-litigation steps include a "due process complaint notice," "a meeting with the parents and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint," and "an impartial due process hearing." Id. The IDEA's exhaustion requirement applies even when the civil action is brought under another law if the suit "'seek[s] relief that is also available' under the IDEA." Cayla R., 2012 WL 1038664, at *3 (quoting Payne, 653 F.3d at 872); 20 U.S.C. § 1415(l) ("before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter").

"The exhaustion doctrine embodies the notion that 'agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer.'" Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1303 (9th Cir. 1992) (quoting McCarthy v. Madigan, 503 U.S. 140, 144 (1992)). "The IDEA's exhaustion requirement also recognizes the traditionally strong state and local interest in education, as reflected in the statute's emphasis on state and local responsibility." Id. The exhaustion provision is meant "to allow state and local agencies to exercise discretion and education expertise by giving 'agencies the first opportunity to correct shortcomings in their educational programs[.]'" Cayla R., 2012 WL 1038664, at *4 (quoting Payne, 653 F.3d at 875-76)).

Defendants contend that Plaintiffs have neither complied with the IDEA's administrative exhaustion requirement to obtain and conclude a due process hearing nor presented an adequate reason to be excused from that requirement. ECF No. 46 at 6. Plaintiffs respond that exhaustion is not a jurisdictional requirement; that because their failure to exhaust does not appear on the face of the complaint, it cannot be addressed until summary judgment; and that Plaintiffs are excused from exhausting their administrative remedies because it would be futile and inadequate to do so. ECF No. 55 at 7.

Defendants are correct that the requirement is not jurisdictional. In Payne v. Peninsula

4

1  School District, the Ninth Circuit clarified that the IDEA's exhaustion requirement is a claims

2  processing provision that IDEA defendants may offer as an affirmative defense and is not a

3  prerequisite to the exercise of federal subject matter jurisdiction. Payne, 653 F.3d at 867, 870.

4  While Payne indicated that defendants could challenge "claims under the exhaustion provision in

5  an unenumerated motion to dismiss," the Ninth Circuit overruled that part of Payne's holding in

6  Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014). In Albino, the Ninth Circuit held, in the

7  context of the Prison Litigation Reform Act ("PLRA"), that "[f]ailure to exhaust under the PLRA

8  is 'an affirmative defense the defendant must plead and prove.'" 747 F.3d at 1166. The court held

9  that "[i]n the rare event that a failure to exhaust is clear on the face of the complaint, a defendant

10 may move for dismissal under Rule 12(b)(6). Otherwise, defendants must produce evidence

11 proving failure to exhaust in order to carry their burden." Id.; see also Scott v. Kuhlmann, 746

12 F.2d 1377, 1378 (9th Cir. 1984) (per curiam) ("[A]ffirmative defenses may not be raised by

13 motion to dismiss, but this is not true when, as here, the defense raises no disputed issues of fact."

14 (citation omitted)).

15       The Albino court mentioned Payne explicitly in holding that "the basic procedure outlined

16 here – under which a party may move for summary judgment on the exhaustion question,

17 followed, if necessary, by a decision by the court on disputed questions of material fact relevant to

18 exhaustion – is appropriate in these other contexts as well." Id. at 1171. The Court concludes that

19 the IDEA's exhaustion requirement does not implicate the Court's subject matter jurisdiction for

20 purposes of a Rule 12(b)(1) motion, but considers Defendants' argument that "it is obvious from

21 the face of the Complaint" that Plaintiffs have failed to exhaust as a motion under Rule 12(b)(6).

22 ECF No. 57 at 2.

23       Plaintiffs next argue that they should be excused from the IDEA's exhaustion requirement

24 because the procedures would be futile and the relief inadequate. ECF No. 55 at 12. The Ninth

25 Circuit has recognized exceptions to the exhaustion requirement when: "(1) it would be futile to

26 use the due process procedures"; "(2) an agency has adopted a policy or pursued a practice of

27 general applicability that is contrary to the law; and (3) it is improbable that adequate relief can be

28 obtained by pursuing administrative remedies (e.g., the hearing officer lacks the authority to grant

the relief sought).” Hoeft, 967 F.2d at 1303.

Plaintiffs argue that the due process procedures are futile here because due process hearings are not designed to adjudicate "systemic" cases such as this one, and an administrative law judge cannot order systemic relief on behalf of similarly situated students. ECF No. 55 at 13. While it is not the case "that whenever the challenge involves policies applied to all students, exhaustion is [automatically] excused," Hoeft, 967 F.2d at 1305, under the circumstances presented here the Court concludes that the question of exhaustion raises disputed issues of fact that cannot be resolved by a motion to dismiss.

Plaintiffs plead that "the same challenges alleged in this complaint regarding BUSD's unlawful policies and practices have [previously] been rejected by the reviewing authority, CDE," when it ignored or rejected various compliance resolution process complaints ("CRPs"). ECF No. 1 ¶¶ 99-104. Therefore, Plaintiffs plead that "it would be futile for them [now] to file multiple CRP complaints with CDE based on the same issues that were raised in DREDF's CRP complaint filed with CDE in May 2015." Id. ¶ 104.

"The Ninth Circuit has recognized that CRPs can suffice for exhaustion purposes under several different circumstances," and in circumstances similar to the ones present here courts have declined to conclude as a matter of law that the exhaustion requirements were not met. Everett H. v. Dry Creek Joint Elementary Sch. Dist., No. 2:13-cv-00889-MCE-DB, 2016 WL 5661775, at *9 ("Because they claim the CDE repeatedly refused to investigate many of their claims as set forth above, Plaintiffs allege that the CDE frustrated their attempts to exhaust . . . To the extent they raise the futility exception to exhaustion, such arguments have been recognized as questions of fact which should not be determined through summary judgment.").

Moreover, Plaintiffs allege they are bringing facial challenges to allegedly invalid policies, see, e.g., ECF No. 1 ¶ 108, which distinguishes this case from those in which exhaustion of CRPs are inadequate substitutes for due process hearing exhaustion, see ECF No. 46 at 10 (citing R.K. v. Hayward Unified Sch. Dist., 2007 WL 2778702, at *5 (N.D. Cal. Sep. 21, 2007)). As in Everett, "[w]hile the Court recognizes that merely labeling claims as systemic as a way of circumventing the administrative process could make the requirement to exhaust meaningless . . . it cannot

summarily discount the allegations of the Complaint at this time. Since the pleadings on their face make a case for systemic violations that, under pertinent case law, bring Plaintiffs' complaint outside individualized FAPE issues . . . the Court cannot find as a matter of law that exhaustion in general is required." 2016 WL 5661775, at *10; see also Christopher S. v. Stanislaus County Office of Educ., 384 F.3d 1205, 1207-13 (9th Cir. 2004) (stating plaintiffs challenged a blanket policy and a CRP put the State on notice of the allegedly unlawful policy). Plaintiffs clearly allege that "Defendants have failed to put into effect policies, procedures, and programs that ensure that all students with suspected reading disorders are timely identified, located, evaluated, and that all students with eligible conditions based on reading disorders are provided appropriate special education and related aids and services, and monitored to ensure FAPE in the LRE." ECF No. 1 ¶ 85. Plaintiffs take issue with several parts of the BUSD's policies and practices with regard to these students. Id. ¶¶ 10 *et seq*.

Defendants contest whether the CDE actually ignored or rejected Plaintiffs' complaints, ECF No. 57 at 4, but these disagreements merely highlight disputed questions of fact that are not appropriate for disposition here. Defendants also argue that they should not be held responsible for the inaction or failures, if any, of the CDE, but this misapprehends Plaintiffs' argument. See ECF No. 57 at 5 n.2. Whether the CDE would require the BUSD to take corrective action is relevant to whether further administrative proceedings would be futile. See ECF No. 57 at 5 n.2. Plaintiffs clearly allege that the BUSD did not sufficiently change its policies in response to previous CRPs, and the truth of this allegation cannot be resolved as a matter of law.

The Court concludes that Defendants have not shown Plaintiffs' complaint should be dismissed for failure to exhaust and will deny the motion made on that ground.[1]

### B. Claims Against Individual Defendants

Defendants also argue that the Court must dismiss the individual Defendants because they are redundant. ECF No. 46 at 13. "An official capacity suit . . . is equivalent to a suit against the

---

[1] Since Plaintiffs' federal claims may proceed, the Court also may exercise supplemental jurisdiction over Plaintiffs' state law claims. 28 U.S.C. § 1367.

7

entity." Ctr. For Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008). As in Everett, the Court agrees that suing the school board members "in their official capacity is nothing more than another way of stating a claim against the [entities] and is therefore duplicative" in the absence of a constitutional claim where the Eleventh Amendment may apply. Everett H. v. Dry Creek Joint Elem. Sch. Dist., 5 F.Supp.3d 1167, 1180-81 (E.D. Cal. 2016). At the hearing on this motion, Plaintiffs' stated that they would not seek leave to amend these claims, and leave to amend is not granted.

## CONCLUSION

Defendants' motion to dismiss Plaintiffs' claim for failure to exhaust is denied. Defendants' motion to dismiss the individual defendants is granted with prejudice.

IT IS SO ORDERED.

Dated: October 12, 2017

_____
JON S. TIGAR
United States District Judge