1  MARK POSARD (SBN: 208790)
   mposard@gordonrees.com
2  BEATRIZ BERUMEN (SBN: 271249)
   bberumen@gordonrees.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   655 University Avenue, Suite 200
4  Sacramento, CA 95825
   Telephone:  (916) 565-2900
5  Facsimile:  (916) 920-4402

6  Attorneys for Defendants

7

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11  STUDENT A, by and through PARENT A,      )  CASE NO. 3:17-cv-02510-MEJ
    her guardian; STUDENT B, by and through  )
12  PARENT B, his guardian; STUDENT C, by    )  **DEFENDANTS' ANSWER TO**
    and through PARENT C, his guardian;      )  **COMPLAINT FOR INJUCTIVE AND**
13  STUDENT D, by and through PARENT D,       )  **DECLARATORY RELIEF**
    her guardian, each one individually and on )
14  behalf of all other similarly situated children; )  **DEMAND FOR JURY TRIAL**
                                             )
15                           Plaintiff,      )
                                             )
16        v.                                 )
                                             )
17  THE BERKELEY UNIFIED SCHOOL              )
    DISTRICT; DONALD EVANS, in his           )
18  official capacity as the Superintendent for the )
    Berkeley Unified School District; BEATRIZ )
19  LEYVA-CUTLER, TY ALPER, JUDY             )
    APPEL, JOSH DANIELS, and KAREN           )
20  HEMPHILL, each in his or her official     )
    capacity as a director of the Berkeley Unified )
21  School District Board of Education; THE   )
    BOARD OF EDUCATION OF THE                )
22  BERKELY UNIFIED SCHOOL DISTRICT,         )
                                             )
23                           Defendants.     )

24

25        COME NOW Defendants BERKELEY UNIFIED SCHOOL DISTRICT ("BUSD") and

26  THE BOARD OF EDUCATION OF THE BERKELY UNIFIED SCHOOL DISTRICT (the

27  "BUSD Board"; BUSD and the BUSD Board are collectively referred to hereinafter as

28

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

-1-

1    "Defendants"), and answers Plaintiffs' Complaint for Injunctive and Declaratory Relief (the

2    "Complaint") as follows:

3                                        **<u>INTRODUCTION</u>**

4          1.      Responding to Paragraph 1 of the Complaint, Defendants admit that the ability to

5    read is a critical foundation to a student's success.  Defendants lack information sufficient to

6    form a belief as to the remaining allegations contained in this Paragraph, and on that basis deny

7    them.

8          2.      Responding to Paragraph 2 of the Complaint, Defendants admit that is serves

9    more than 9,400 students and that reading disorders may impact a large number of BUSD

10    students in any given school year.  Defendants deny that BUSD has systematically refused to

11    educate itself about reading disorders or about how to timely identify and appropriately serve

12    students who have them.   Defendants lack sufficient information upon which to form a belief as

13    to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

14          3.      Responding to Paragraph 3 of the Complaint, Defendants admit that dyslexia may

15    be characterized by difficulties with word recognition and by poor spelling and/or decoding

16    abilities.  Defendants further admit that dyslexia and other reading disorders are generally

17    treatable and that a variety of research-based reading interventions can be implemented to

18    increase a child's reading skill and performance.  Defendants lack sufficient information upon

19    which to form a belief as to the truth of the remaining allegations contained in this Paragraph,

20    and on that basis deny them.

21          4.      Responding to Paragraph 4 of the Complaint, Defendants admit that students with

22    reading disorders may benefit from certain interventions and accommodations.  Defendants deny

23    that BUSD has been unwilling to exert time and resources to identify students with reading

24    disorders.  Defendants further deny that BUSD has failed to provide students with reading

25    disorders with services and reasonable accommodations.  Defendants lack sufficient information

26    upon which to form a belief as to the truth of the remaining allegations contained in this

27    Paragraph, and on that basis deny them.

28

**Gordon Rees Scully Mansukhani, LLP**
655 University Avenue, Suite 200
Sacramento, CA  95825

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

5.      Responding to Paragraph 5 of the Complaint, Defendants deny that BUSD has refused to identify or to serve its students with reading disorders.  Defendants further deny that BUSD has failed its students on "multiple fronts."  Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

6.      Responding to Paragraph 6 of the Complaint, Defendants deny each and every allegation contained within this Paragraph.

7.      Responding to Paragraph 7 of the Complaint, Defendants admit that a child with a disability in one or more of the 13 disabilities enumerated under the IDEA and who's impairment requires instruction and services which cannot be provided with modification of the regular school program in order to ensure that the child is provided a free appropriate public education ("FAPE") may be considered a student with a specific learning disability ("SLD") and may receive special education and related services.  Defendants further admit that the California Legislature has enacted AB 1369 to require that the Superintendent of Public Instruction develop and disseminate program guidelines for dyslexia to be used to assist regular education teachers, special education teachers, and parents to identify and assess pupils with dyslexia.   Defendants note that the remaining allegations contained in this Paragraph contain legal conclusions to which no response is required.  To the extent any remaining allegations could be construed as containing factual allegations, Defendants deny each and every remaining allegation contained in this Paragraph.

8.      Responding to Paragraph 8 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

9.      Responding to Paragraph 9 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every

1  allegation contained in this Paragraph.

2      10.    Responding to Paragraph 10 of the Complaint, Defendants admit that BUSD is

3  subject to certain federal and state laws which require that BUSD provide qualifying students

4  with disabilities with a FAPE in the LRE.  Defendants further respond that the remaining

5  allegations contained in this Paragraph contain legal conclusions to which no response is

6  required.  To the extent the remaining allegations could be construed as containing factual

7  allegations, Defendants deny each and every remaining allegation contained therein.

8      11.    Responding to Paragraph 11 of the Complaint, Defendants deny each and every

9  allegation contained within this Paragraph.

10     12.    Responding to Paragraph 12 of the Complaint, Defendants deny each and every

11  allegation contained within this Paragraph.

12     13.    Responding to Paragraph 13 of the Complaint, Defendants admit that in 2007,

13  BUSD partnered with the City of Berkeley, UC Berkeley, Berkeley Community College and

14  several other community organizations to form a partnership around shared visions for academic

15  improvement for all Berkeley's public school children.  BUSD and its partners refer to this

16  program as the "2020 Vision" program.  As part of the 2020 Vision program, the "2020

17  Partners" set agreed-upon goals to advance equitable academic and health outcomes for all

18  children.  One of the "2020 Vision" goals is that every child be able to read proficiently by the

19  end of third grade.  BUSD monitors its progress toward achieving the "2020 Vision" goals and

20  reports its progress to the public.  In its Bi-Annual Report, Winter 2016, BUSD reported

21  continued improvement in the "2020 Vision" goal pertaining to third grade literacy.  As of 2015,

22  70% of all third grade children were reading proficiently, which represented a 9% increase from

23  2011.  Defendants deny the remaining allegations contained within this Paragraph.

24     14.    Responding to Paragraph 14 of the Complaint, Defendants deny that they have

25  "relegated" BUSD students to conditions that "manifestly fail the standards and criteria

26  demanded by the law."  Defendants further deny that BUSD has "systemically" refused to

27  provide any student with necessary special education or related aids and services.  Defendants

28

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

-4-

further deny that they have failed to provide Plaintiffs or other similarly situated students with a FAPE in the LRE.  Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

15.     Responding to Paragraph 15 of the Complaint, Defendants deny each and every allegation contained within this Paragraph.

16.     Responding to Paragraph 16 of the Complaint, Defendants deny each and every allegation contained within this Paragraph.

## JURISDICTION

17.     Responding to Paragraph 17 of the Complaint, Defendants admit this Court has subject matter jurisdiction over this action.

18.     Responding to Paragraph 18 of the Complaint, Defendants admit this Court has supplemental jurisdiction over Plaintiffs' Section 56000 claims.

19.     Responding to Paragraph 19 of the Complaint, Defendants admit this Court has jurisdiction to issue a declaratory judgment.

## VENUE

20.     Responding to Paragraph 20 of the Complaint, Defendants admit venue is proper in the Northern District of California.

21.     Responding to Paragraph 21 of the Complaint, Defendants admits the allegations contained therein.

22.     Responding to Paragraph 22 of the Complaint, Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis deny them.

## INTRADISTRICT ASSIGNMENT

23.     Responding to Paragraph 23 of the Complaint, Defendants admit this action arises in Alameda County and that assignment to the San Francisco or Oakland Divisions of the District Court for the Northern District is proper.

///

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

## PARTIES

### Plaintiffs

24.     Responding to Paragraph 24 of the Complaint, Defendants admit that Student A is a student at a BUSD elementary school.  Defendants deny that BUSD has failed to provide Student A with a FAPE in the LRE.  Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

25.     Responding to Paragraph 25 of the Complaint, Defendants admit that Student B is a student at a BUSD elementary school.  Defendants deny that BUSD has failed to provide Student B with a FAPE in the LRE.  Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

26.     Responding to Paragraph 26 of the Complaint, Defendants admit that Student C is a student at Berkeley High School.  Defendants deny that BUSD has failed to provide Student C with a FAPE in the LRE.  Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

27.     Responding to Paragraph 27 of the Complaint, Defendants admit that Student D was a student at Berkeley High School.  Defendants deny that BUSD has failed to provide Student D with a FAPE in the LRE.  Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

28.     Responding to Paragraph 28 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

29.     Responding to Paragraph 29 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this

DEFENDANTS' ANSWER TO COMPLAINT TO COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF

CASE NO. 3:17-cv-02510-JST

1    Paragraph could be construed as containing factual allegations, Defendants deny each and every

2    allegation contained in this Paragraph.

3          30.     Responding to Paragraph 30 of the Complaint, Defendants note that the entire

4    paragraph contains legal conclusions to which no response is required.  To the extent this

5    Paragraph could be construed as containing factual allegations, Defendants deny each and every

6    allegation contained in this Paragraph.

7          31.     Responding to Paragraph 31 of the Complaint, Defendants note that the entire

8    paragraph contains legal conclusions to which no response is required.  To the extent this

9    Paragraph could be construed as containing factual allegations, Defendants deny each and every

10   allegation contained in this Paragraph.

11                                         **Defendants**

12         32.     Responding to Paragraph 32 of the Complaint, BUSD is a special purpose

13   governmental agency responsible for providing public elementary and secondary education to

14   children who reside within the district.  BUSD receives federal funding.  Defendants note that

15   the remaining allegations contained within this Paragraph contain legal conclusions to which no

16   response is required.  To the extent the remaining allegations could be construed as containing

17   factual allegations, Defendants deny each and every remaining allegation contained therein.

18         33.     Responding to Paragraph 33 of the Complaint, Defendants admit that Donald

19   Evans is the Superintendent of BUSD and was appointed by the BUSD Board.  Defendants

20   further admit that Donald Evans is generally responsible for ensuring that Defendants policies

21   are implemented in BUSD schools.  Defendants deny the remaining allegations contained in this

22   Paragraph.

23         34.     Responding to Paragraph 34 of the Complaint, Defendants admits this paragraph

24   contains excerpts from BUSD Board Bylaws 9000, which said document speaks for itself.

25         35.     Responding to Paragraph 35 of the Complaint, Defendants admit that Beatriz

26   Leyva-Cutler, Ty Alper, Judy Appel, Josh Daniels and Karen Hemphill are Directors of the

27   BUSD Board. Defendants note that the remaining allegations contained within this Paragraph

28

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

-7-

contain legal conclusions to which no response is required.  To the extent the remaining allegations could be construed as containing factual allegations, Defendants deny each and every remaining allegation contained therein.

36.     Responding to Paragraph 36 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

## STATUTORY FRAMEWORK

37.     Responding to Paragraph 37 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

## IDEA

38.     Responding to Paragraph 38 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

39.     Responding to Paragraph 39 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

40.     Responding to Paragraph 40 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

## Child Find Duty

41.     Responding to Paragraph 41 of the Complaint, Defendants note that the entire

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

DEFENDANTS' ANSWER TO COMPLAINT TO COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA 95825

paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

42. Responding to Paragraph 42 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

## Procedural Safeguards Duty

43. Responding to Paragraph 43 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

44. Responding to Paragraph 44 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

45. Responding to Paragraph 45 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

## Appropriate Instruction by Qualified Personnel Duty

46. Responding to Paragraph 46 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

47. Responding to Paragraph 47 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this

Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

48.     Responding to Paragraph 48 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

49.     Responding to Paragraph 49 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

**Evaluation Duty**

50.     Responding to Paragraph 50 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

51.     Responding to Paragraph 51 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

52.     Responding to Paragraph 52 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

53.     Responding to Paragraph 53 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

DEFENDANTS' ANSWER TO COMPLAINT TO COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF

CASE NO. 3:17-cv-02510-JST

**Special Education Duty**

54.	Responding to Paragraph 54 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

55.	Responding to Paragraph 55 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

56.	Responding to Paragraph 56 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

**Monitoring Duty**

57.	Responding to Paragraph 57 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

**SECTION 504**

58.	Responding to Paragraph 58 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

59.	Responding to Paragraph 59 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

DEFENDANTS' ANSWER TO COMPLAINT TO COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF

CASE NO. 3:17-cv-02510-JST

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA 95825

60.     Responding to Paragraph 60 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

61.     Responding to Paragraph 61 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

62.     Responding to Paragraph 62 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

63.     Responding to Paragraph 63 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

64.     Responding to Paragraph 64 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

65.     Responding to Paragraph 65 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

### TITLE II OF THE ADA

66.     Responding to Paragraph 66 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this

Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

67.     Responding to Paragraph 67 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

68.     Responding to Paragraph 68 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

69.     Responding to Paragraph 69 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

70.     Responding to Paragraph 70 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

71.     Responding to Paragraph 71 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

72.     Responding to Paragraph 72 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

73.     Responding to Paragraph 73 of the Complaint, Defendants note that the entire

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

### CALIFORNIA STATE LAW

74.     Responding to Paragraph 74 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

75.     Responding to Paragraph 75 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

76.     Responding to Paragraph 76 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

77.     Responding to Paragraph 77 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

78.     Responding to Paragraph 78 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

### FACTUAL ALLEGATIONS

### Dyslexia and Its Impact

79.     Responding to Paragraph 79 of the Complaint, Defendants note that the entire

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

-14-

paragraph contains expert opinion and/or legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

80.     Responding to Paragraph 80 of the Complaint, Defendants note that the entire paragraph contains expert opinion and/or legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

81.     Responding to Paragraph 81 of the Complaint, Defendants note that the entire paragraph contains expert opinion and/or legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

82.     Responding to Paragraph 82 of the Complaint, Defendants note that the entire paragraph contains expert opinion and/or legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

83.     Responding to Paragraph 83 of the Complaint, Defendants note that the entire paragraph contains expert opinion and/or legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

### Defendants' Unlawful Policies and Practices

84.     Responding to Paragraph 84 of the Complaint, Defendants deny each and every allegation contained within this Paragraph.

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

-15-

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

85.     Responding to Paragraph 85 of the Complaint, Defendants deny each and every allegation contained within this Paragraph.

86.     Responding to Paragraph 86 of the Complaint, Defendants deny each and every allegation contained within this Paragraph.

87.     Responding to Paragraph 87 of the Complaint, Defendants deny each and every allegation contained within this Paragraph.

88.     Responding to Paragraph 88 of the Complaint, Defendants deny each and every allegation contained within this Paragraph.

89.     Responding to Paragraph 89 of the Complaint, Defendants deny each and every allegation contained within this Paragraph.

90.     Responding to Paragraph 90 of the Complaint, Defendants deny each and every allegation contained within this Paragraph.

91.     Responding to Paragraph 91 of the Complaint, Defendants note that the entire paragraph contains expert opinion and/or legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

92.     Responding to Paragraph 92 of the Complaint, Defendants deny each and every allegation contained within this Paragraph.

93.     Responding to Paragraph 93 of the Complaint, BUSD has used the "severe discrepancy" method to determine whether a child has a SLD that may entitle him/her to special education services.   Defendant notes that the remainder of this Paragraph contains legal conclusions to which no response is required.  To the extent the remaining allegations could be construed as containing factual allegations, Defendants deny each and every remaining allegation contained therein.

94.     Responding to Paragraph 94 of the Complaint, Defendants deny each and every allegation contained within this Paragraph.

DEFENDANTS' ANSWER TO COMPLAINT TO COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF
CASE NO. 3:17-cv-02510-JST

95. Responding to Paragraph 95 of the Complaint, Defendants deny each and every allegation contained within this Paragraph.

96. Responding to Paragraph 96 of the Complaint, Defendants deny each and every allegation contained within this Paragraph.

97. Responding to Paragraph 97 of the Complaint, Defendants deny each and every allegation contained within this Paragraph.

98. Responding to Paragraph 98 of the Complaint, Defendants deny each and every allegation contained within this Paragraph.

**Plaintiffs Are Excused from Exhaustion of Administrative Remedies**

99. Responding to Paragraph 99 of the Complaint, Defendants deny that any exceptions apply to excuse Plaintiffs from complying with the administrative exhaustion requirements under the IDEA. Defendants note that remainder of this Paragraph contains legal conclusions to which no response is required. To the extent the remaining allegations could be construed as containing factual allegations, Defendants deny each and every remaining allegation contained therein.

100. Responding to Paragraph 100 of the Complaint, Defendants admit that on or about May 29, 2015, the Disability Rights Education and Defense Fund, Inc. ("DREDF") filed a compliance resolution process ("CRP") complaint against BUSD, North Region Special Education Local Plan Area (SELPA), and the California Department of Education ("CDE"). Defendants note that remainder of this Paragraph contains legal conclusions to which no response is required. To the extent the remaining allegations could be construed as containing factual allegations, Defendants deny each and every remaining allegation contained therein.

101. Responding to Paragraph 101 of the Complaint, Defendants deny that the CDE was incorrect in finding that BUSD was in compliance with regard to all SLD-related allegations. Defendants further deny each and every remaining allegation contained in this Paragraph.

102. Responding to Paragraph 102 of the Complaint, Defendants admit that in or about

-17-

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA 95825

September 4, 2015, DREDF challenged the appropriateness of the CDE's compliance determinations relating to BUSD's policies and practices regarding dyslexia.  Defendants deny each and every remaining allegation contained in this Paragraph.

103.    Responding to Paragraph 103 of the Complaint, Defendants admit that the CDE notified DREDF that it would (and did) reconsider its CRP complaint.  Defendants deny that CDE "summarily rejected" DREDF's request for systemic corrective actions.  Defendants further deny that the CDE refused to conduct a "meaningful investigation" of the complaint.  Rather, the CDE conducted further investigation of the matter, to include interviews with parents of the Students referred to in the CRP complaint and further investigation and interview with BUSD regarding its policies, and concluded that BUSD was in compliance.  Defendants further deny each and every remaining allegation contained in this Paragraph.

104.    Responding to Paragraph 104 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

105.    Responding to Paragraph 105 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

106.    Responding to Paragraph 106 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

107.    Responding to Paragraph 107 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

DEFENDANTS' ANSWER TO COMPLAINT TO COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

CASE NO. 3:17-cv-02510-JST

1    108.    Responding to Paragraph 108 of the Complaint, Defendants deny each and every

2    allegation contained in this Paragraph.

3                            **Plaintiff Student A**

4    109.    Responding to Paragraph 109 of the Complaint, Defendants admit that Student A

5    is a student at a BUSD elementary school.  Defendants lack sufficient information upon which to

6    form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that

7    basis deny them.

8    110.    Responding to Paragraph 110 of the Complaint, Defendants lack sufficient

9    information upon which to form a belief as to the truth of the allegations contained in this

10   Paragraph, and on that basis deny them.

11   111.    Responding to Paragraph 111 of the Complaint, Defendants lack sufficient

12   information upon which to form a belief as to the truth of the allegations contained in this

13   Paragraph, and on that basis deny them.

14   112.    Responding to Paragraph 112 of the Complaint, Defendants lack sufficient

15   information upon which to form a belief as to the truth of the allegations contained in this

16   Paragraph, and on that basis deny them.

17   113.    Responding to Paragraph 113 of the Complaint, Defendants deny that it failed to

18   provide Student A's parents with written notice regarding the results of Student A's IEP or that it

19   failed to consider Student A for a Section 504 Plan.  Defendants lack sufficient information upon

20   which to form a belief as to the truth of the remaining allegations contained in this Paragraph,

21   and on that basis deny them.

22   114.    Responding to Paragraph 114 of the Complaint, Defendants deny each and every

23   allegation contained in this Paragraph.

24   115.    Responding to Paragraph 115 of the Complaint, Defendants deny each and every

25   allegation contained in this Paragraph.

26   116.    Responding to Paragraph 116 of the Complaint, Defendants deny each and every

27   allegation contained in this Paragraph.

28

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

117.    Responding to Paragraph 117 of the Complaint, Defendants lack sufficient information upon which to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis deny them.

**Plaintiff Student B**

118.    Responding to Paragraph 118 of the Complaint, Defendants admit that Student B is a student at a BUSD elementary school.   To the extent that this paragraph contains legal conclusions, no response is required.  Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

119.    Responding to Paragraph 119 of the Complaint, Defendants deny that it did not timely carry out its Child Find mandate with respect to Student B.  Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

120.    Responding to Paragraph 120 of the Complaint, Defendants deny that BUSD failed to refer Student B for evaluation. Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

121.    Responding to Paragraph 121 of the Complaint, Defendants admit that BUSD found Student B eligible for special education services.  Defendants deny each and every of the remaining allegations contained in this Paragraph.

122.    Responding to Paragraph 122 of the Complaint, Defendants deny each and every allegation contained in this Paragraph.

123.    Responding to Paragraph 123 of the Complaint, Defendants deny that it refused to offer or provide any appropriate specialized academic instruction for Student B.  Defendants further deny that any services offered to Student B were inadequate.  Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

DEFENDANTS' ANSWER TO COMPLAINT TO COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF

CASE NO. 3:17-cv-02510-JST

124.     Responding to Paragraph 124 of the Complaint, Defendants deny that it refused to offer or provide any appropriate specialized academic instruction for Student B.  Defendants further deny that it "unilaterally" changed Student B's placement or that it failed to provide written notice explaining its position.   To the extent that this paragraph contains legal conclusions, no response is required.  Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

125.     Responding to Paragraph 125 of the Complaint, Defendants deny each and every allegation contained in this Paragraph.

126.     Responding to Paragraph 126 of the Complaint, Defendants admit that BUSD held IEP meeting for Student B but otherwise deny each and every allegation contained in this Paragraph.

127.     Responding to Paragraph 127 of the Complaint, Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

128.     Responding to Paragraph 128 of the Complaint, Defendants deny that BUSD has a "general policy" to refuse and/or deny research based interventions for children with SLDs or that it "ignored" any recommendations with regards to Student B.  Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

129.     Responding to Paragraph 129 of the Complaint, Defendants deny that BUSD offered no specific or appropriate individualized academic instruction to Student B.

130.     Responding to Paragraph 130 of the Complaint, Defendants deny each and every allegation contained in this Paragraph.

131.     Responding to Paragraph 131 of the Complaint, Defendants admit that Parent B filed a due process complaint on behalf of Student B.  However, Parent B did not pursue a due process hearing for Student B.

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

DEFENDANTS' ANSWER TO COMPLAINT TO COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

132.     Responding to Paragraph 132 of the Complaint, Defendants deny each and every allegation contained in this Paragraph.

**Plaintiff Student C**

133.     Responding to Paragraph 133 of the Complaint, Defendants admit that Student C is a student at Berkeley High School and is identified by BUSD as an individual with a disability who is entitled to special education and related aids and services from BUSD.  Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

134.     Responding to Paragraph 134 of the Complaint, to the extent that this paragraph contains legal conclusions, no response is required.  Defendants deny that it failed to meet Child Find obligations.  Defendants lack sufficient information upon which to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

135.     Responding to Paragraph 135 of the Complaint, Defendants admit that it determined Student C had an SLD and was eligible for special education and related services.

136.     Responding to Paragraph 136 of the Complaint, Defendants deny each and every allegation contained in this Paragraph.

137.     Responding to Paragraph 137 of the Complaint, Defendants deny that BUSD "abruptly" denied Student C and required special education and related aids and services without prior written notice or that any services offered to Student C were inappropriate.   Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

138.     Responding to Paragraph 138 of the Complaint, Defendants deny the allegations contained in this Paragraph.

139.     Responding to Paragraph 139 of the Complaint, Defendants deny that BUSD has failed to provide Student C with any meaningful or appropriate special education and related aids and services.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

1

**Plaintiff Student D**

2      140.     Responding to Paragraph 140 of the Complaint, to the extent that this paragraph

3  contains legal conclusions, no response is required.  Defendants admit that Student D was a

4  student at Berkeley High School and that Student D was identified by BUSD as an individual

5  with a disability.  Defendants lack sufficient information upon which to form a belief as to the

6  truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

7      141.     Responding to Paragraph 141 of the Complaint, Defendants lack sufficient

8  information upon which to form a belief as to the truth of the allegations contained in this

9  Paragraph, and on that basis deny them.

10      142.     Responding to Paragraph 142 of the Complaint, to the extent that this paragraph

11  contains legal conclusions with regard to BUSD obligations pursuant to a "Child Find" duty, no

12  response is required.  Defendants lack sufficient information upon which to form a belief as to

13  the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

14      143.     Responding to Paragraph 143 of the Complaint, to the extent that this paragraph

15  contains legal conclusions with regard to BUSD obligations to refer Student D for an evaluation,

16  no response is required.  Defendants otherwise deny the allegations contained in this Paragraph.

17      144.     Responding to Paragraph 144 of the Complaint, Defendants lack sufficient

18  information upon which to form a belief as to the truth of the allegations contained in this

19  Paragraph, and on that basis deny them.

20      145.     Responding to Paragraph 145 of the Complaint, to the extent that this paragraph

21  contains legal conclusions with regard to BUSD obligations to refer Student D for an evaluation,

22  no response is required.  Defendants lack sufficient information upon which to form a belief as to

23  the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

24      146.     Responding to Paragraph 146 of the Complaint, Defendants lack sufficient

25  information upon which to form a belief as to the truth of the allegations contained in this

26  Paragraph, and on that basis deny them.

27      147.     Responding to Paragraph 147 of the Complaint, Defendants deny that BUSD has

28

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

DEFENDANTS' ANSWER TO COMPLAINT TO COMPLAINT FOR INJUCTIVE AND DECLARATORY
RELIEF

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA 95825

1    a "culture" of requiring parents and their children to "prove" that the child needs

2    accommodations.   Defendants lack sufficient information upon which to form a belief as to the

3    truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

4          148.    Responding to Paragraph 148 of the Complaint, to the extent that this paragraph

5    contains legal conclusions with regard to Student D's eligibility for special education services,

6    no response is required.  Defendants lack sufficient information upon which to form a belief as to

7    the truth of the remaining allegations contained in this Paragraph, and on that basis deny them.

8          149.    Responding to Paragraph 149 of the Complaint, Defendants lack sufficient

9    information upon which to form a belief as to the truth of the allegations contained in this

10   Paragraph, and on that basis deny them.

11         150.    Responding to Paragraph 150 of the Complaint, Defendants lack sufficient

12   information upon which to form a belief as to the truth of the allegations contained in this

13   Paragraph, and on that basis deny them.

14         151.    Responding to Paragraph 151 of the Complaint, Defendants lack sufficient

15   information upon which to form a belief as to the truth of the allegations contained in this

16   Paragraph, and on that basis deny them.

17         152.    Responding to Paragraph 152 of the Complaint, Defendants lack sufficient

18   information upon which to form a belief as to the truth of the allegations contained in this

19   Paragraph, and on that basis deny them.

20         153.    Responding to Paragraph 153 of the Complaint, Defendants lack sufficient

21   information upon which to form a belief as to the truth of the allegations contained in this

22   Paragraph, and on that basis deny them.

23         154.    Responding to Paragraph 154 of the Complaint, Defendants deny each and every

24   allegation contained in this Paragraph.

25                 **CLASS ACTION DEFINITION ALLEGATIONS**

26         155.    Responding to Paragraph 155 of the Complaint, Defendants note that the entire

27   paragraph contains legal conclusions to which no response is required.  To the extent this

28                                           -24-

Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

156.    Responding to Paragraph 156 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

157.    Responding to Paragraph 157 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

158.    Responding to Paragraph 158 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

159.    Responding to Paragraph 159 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

160.    Responding to Paragraph 160 of the Complaint, Defendants deny each and every allegation contained in this Paragraph.

161.    Responding to Paragraph 161 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

162.    Responding to Paragraph 162 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

DEFENDANTS' ANSWER TO COMPLAINT TO COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF

allegation contained in this Paragraph.

163.    Responding to Paragraph 163 of the Complaint, Defendants deny each and every allegation contained in this Paragraph.

164.    Responding to Paragraph 156 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

## LEGAL CLAIMS

### First Claim for Relief

**Violations of the IDEA, 20 U.S.C. §§ 1400 et seq., 34 C.F.R. Pt. 300**

**(On Behalf of all Plaintiffs, Class Members)**

165.    Responding to Paragraph 165 of the Complaint, Defendants incorporate by reference its response to Paragraphs 1 through 164 of the Complaint as if fully set forth herein.

166.    Responding to Paragraph 166 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

167.    Responding to Paragraph 167 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

168.    Responding to Paragraph 168 of the Complaint, Defendants admit that BUSD is a recipient of federal funds.  The remainder of this Paragraph contains legal conclusions to which no response is required.  To the extent the remaining allegations contained in this Paragraph could be construed as containing factual allegations, Defendants deny each and every remaining allegation.

169.    Responding to Paragraph 169 of the Complaint, Defendants deny each and every

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

1  allegation contained in this Paragraph.

2  170.   Responding to Paragraph 170 of the Complaint, Defendants deny each and every

3  allegation contained in this Paragraph.

4  171.   Responding to Paragraph 171 of the Complaint, Defendants deny each and every

5  allegation contained in this Paragraph.

6  172.   Responding to Paragraph 172 of the Complaint, Defendants deny each and every

7  allegation contained in this Paragraph.

8  173.   Responding to Paragraph 173 of the Complaint, Defendants deny each and every

9  allegation contained in this Paragraph.

10  174.   Responding to Paragraph 174 of the Complaint, Defendants deny each and every

11  allegation contained in this Paragraph.

12  **<u>Second Claim for Relief</u>**

13  **Violations of Section 504, 29 U.S.C. § 794, 34 C.F.R. Pt. 104**

14  **(On Behalf of all Plaintiffs, Class Members)**

15  175.   Responding to Paragraph 175 of the Complaint, Defendants incorporate by

16  reference its response to Paragraphs 1 through 174 of the Complaint as if fully set forth herein.

17  176.   Responding to Paragraph 176 of the Complaint, Defendants note that the entire

18  paragraph contains legal conclusions to which no response is required.  To the extent this

19  Paragraph could be construed as containing factual allegations, Defendants deny each and every

20  allegation contained in this Paragraph.

21  177.   Responding to Paragraph 177 of the Complaint, Defendants note that the entire

22  paragraph contains legal conclusions to which no response is required.  To the extent this

23  Paragraph could be construed as containing factual allegations, Defendants deny each and every

24  allegation contained in this Paragraph.

25  178.   Responding to Paragraph 178 of the Complaint, Defendants note that the entire

26  paragraph contains legal conclusions to which no response is required.  To the extent this

27  Paragraph could be construed as containing factual allegations, Defendants deny each and every

28

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

-27-

DEFENDANTS' ANSWER TO COMPLAINT TO COMPLAINT FOR INJUCTIVE AND DECLARATORY
RELIEF

allegation contained in this Paragraph.

179.    Responding to Paragraph 179 of the Complaint, Defendants admit that BUSD is a recipient of federal funds.  The remainder of this Paragraph contains legal conclusions to which no response is required.  To the extent the remaining allegations contained in this Paragraph could be construed as containing factual allegations, Defendants deny each and every remaining allegation.

180.    Responding to Paragraph 180 of the Complaint, Defendants deny each and every allegation contained in this Paragraph.

181.    Responding to Paragraph 181 of the Complaint, Defendants deny each and every allegation contained in this Paragraph.

182.    Responding to Paragraph 182 of the Complaint, Defendants deny each and every allegation contained in this Paragraph.

183.    Responding to Paragraph 183 of the Complaint, Defendants deny each and every allegation contained in this Paragraph.

184.    Responding to Paragraph 184 of the Complaint, Defendants deny each and every allegation contained in this Paragraph.

**Third Claim for Relief**

**Disability Discrimination – Failure to Accommodate in Violation of Title II of the ADA 42 U.S.C. §§ 12131 et seq., 28 C.F.R. § 35.130**

**(On Behalf of all Plaintiffs, Class Members)**

185.    Responding to Paragraph 185 of the Complaint, Defendants incorporate by reference its response to Paragraphs 1 through 184 of the Complaint as if fully set forth herein.

186.    Responding to Paragraph 186 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

187.    Responding to Paragraph 187 of the Complaint, Defendants note that the entire

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

188.    Responding to Paragraph 188 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

189.    Responding to Paragraph 189 of the Complaint, Defendants note that the entire paragraph contains legal conclusions to which no response is required.  To the extent this Paragraph could be construed as containing factual allegations, Defendants deny each and every allegation contained in this Paragraph.

190.    Responding to Paragraph 190 of the Complaint, Defendants deny each and every allegation contained in this Paragraph.

191.    Responding to Paragraph 191 of the Complaint, Defendants deny each and every allegation contained in this Paragraph.

192.    Responding to Paragraph 192 of the Complaint, Defendants deny each and every allegation contained in this Paragraph.

193.    Responding to Paragraph 193 of the Complaint, Defendants deny each and every allegation contained in this Paragraph.

194.    Responding to Paragraph 194 of the Complaint, Defendants deny each and every allegation contained in this Paragraph.

## Fourth Claim for Relief

**Violations of Cal. Educ. Code §§ 56000 *et seq.*, Cal. Code Regs. tit. 5 §§ 3030 *et seq.***

**(On Behalf of all Plaintiffs, Class Members)**

195.    Responding to Paragraph 195 of the Complaint, Defendants incorporate by reference its response to Paragraphs 1 through 194 of the Complaint as if fully set forth herein.

196.    Responding to Paragraph 196 of the Complaint, Defendants note that the entire

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

DEFENDANTS' ANSWER TO COMPLAINT TO COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF

CASE NO. 3:17-cv-02510-JST

1    paragraph contains legal conclusions to which no response is required.  To the extent this

2    Paragraph could be construed as containing factual allegations, Defendants deny each and every

3    allegation contained in this Paragraph.

4        197.    Responding to Paragraph 197 of the Complaint, Defendants note that the entire

5    paragraph contains legal conclusions to which no response is required.  To the extent this

6    Paragraph could be construed as containing factual allegations, Defendants deny each and every

7    allegation contained in this Paragraph.

8        198.    Responding to Paragraph 198 of the Complaint, Defendants admit that

9    Defendants are responsible for providing public education to BUSD students.

10        199.    Responding to Paragraph 199 of the Complaint, Defendants deny each and every

11    allegation contained in this Paragraph.

12        200.    Responding to Paragraph 200 of the Complaint, Defendants deny each and every

13    allegation contained in this Paragraph.

14        201.    Responding to Paragraph 201 of the Complaint, Defendants deny each and every

15    allegation contained in this Paragraph.

16        202.    Responding to Paragraph 202 of the Complaint, Defendants deny each and every

17    allegation contained in this Paragraph.

18        203.    Responding to Paragraph 203 of the Complaint, Defendants deny each and every

19    allegation contained in this Paragraph.

20        204.    Responding to Paragraph 204 of the Complaint, Defendants deny each and every

21    allegation contained in this Paragraph.

22                            **Fifth Claim for Relief**

23                            **Declaratory Relief**

24                    **(On Behalf of All Plaintiffs, Class Members)**

25        205.    Responding to Paragraph 205 of the Complaint, Defendants incorporate by

26    reference its response to Paragraphs 1 through 204 of the Complaint as if fully set forth herein.

27        206.    Responding to Paragraph 206 of the Complaint, Defendants admit the allegations

28

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

-30-

1    contained in this Paragraph.

2        207.    Responding to Paragraph 207 of the Complaint, Defendants note that the entire

3    paragraph contains legal conclusions to which no response is required.  To the extent this

4    Paragraph could be construed as containing factual allegations, Defendants deny each and every

5    allegation contained in this Paragraph.

6        208.    Responding to Paragraph 208 of the Complaint, Defendants deny each and every

7    allegation contained in this Paragraph.

8                                **PRAYER FOR RELIEF**

9        209.    Responding to Paragraph 209 of the Complaint, Defendants note that the entire

10   paragraph contains legal conclusions to which no response is required.  To the extent this

11   Paragraph could be construed as containing factual allegations, Defendants deny each and every

12   allegation contained in this Paragraph.

13       210.    Responding to Paragraph 210 of the Complaint, Defendants note that the entire

14   paragraph contains legal conclusions to which no response is required.  To the extent this

15   Paragraph could be construed as containing factual allegations, Defendants deny each and every

16   allegation contained in this Paragraph.

17       211.    Responding to Paragraph 211 of the Complaint, Defendants note that the entire

18   paragraph contains legal conclusions to which no response is required.  To the extent this

19   Paragraph could be construed as containing factual allegations, Defendants deny each and every

20   allegation contained in this Paragraph.

21       212.    Responding to Paragraph 212 of the Complaint, Defendants note that the entire

22   paragraph, including subparagraphs 1 through 7, contain legal conclusions to which no response

23   is required.  To the extent this Paragraph and/or any corresponding subparagraph could be

24   construed as containing factual allegations, Defendants deny each and every allegation contained

25   therein.

26       213.    Responding to Paragraph 213 of the Complaint, Defendants note that the entire

27   paragraph contains legal conclusions to which no response is required.  To the extent this

28

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

-31-

1 Paragraph could be construed as containing factual allegations, Defendants deny each and every

2 allegation contained in this Paragraph

3       214.    Responding to Paragraph 214 of the Complaint, Defendants note that the entire

4 paragraph contains legal conclusions to which no response is required.  To the extent this

5 Paragraph could be construed as containing factual allegations, Defendants deny each and every

6 allegation contained in this Paragraph.

7 **AFFIRMATIVE DEFENSES**

8       Defendants allege the following as further and separate affirmative defenses to Plaintiffs'

9 Complaint, without assuming any burden of proof that would otherwise rest on the Plaintiffs:

10 **FIRST AFFIRMATIVE DEFENSE**

11       Defendant alleges that the Complaint fails to state a claim upon which relief can be

12 granted.

13 **SECOND AFFIRMATIVE DEFENSE**

14       Defendant alleges that the Complaint, and each of the purported claims for relief set forth

15 herein, are barred by applicable state and federal statutes of limitation.

16 **THIRD AFFIRMATIVE DEFENSE**

17       Defendant alleges that the Complaint, and each of the purported claims for relief set forth

18 herein, fail due to Plaintiffs' and/or the members of the proposed classes' failure to timely and/or

19 completely exhaust all administrative remedies and/or judicial remedies as required by law.

20 **FOURTH AFFIRMATIVE DEFENSE**

21       Defendants allege that Plaintiffs lack standing to bring some or all of the claims, which

22 are therefore barred. Plaintiffs also do have not standing to serve as an adequate class

23 representative.

24 **FIFTH AFFIRMATIVE DEFENSE**

25       Defendants assert that, at all relevant times, Defendants acted in good faith and in

26 substantial compliance with all applicable laws and regulations, and/or in reliance on a written

27 order, ruling, approval and/or reasonable interpretation of the applicable laws by the California

28

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

Department of Education.

### SIXTH AFFIRMATIVE DEFENSE

Defendants assert that the Complaint, and each of the purported claims for relief set forth herein, are barred by the doctrine of waiver and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and/or the members of the proposed classes are barred by the doctrines of *res judicata,* collateral estoppel, and/or similar doctrines.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs and/or members of the proposed classes are guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs cannot meet thee class certification requirements of Federal Rule 23.

### TENTH AFFIRMATIVE DEFENSE

Defendants enjoy qualified immunity, and/or absolute immunity against each and every one of Plaintiffs' claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants allege that at all times herein relevant, any and all acts, conduct by and/or attributed to Defendants was justified, undertaken in good faith and/or privileged, and did not violate any rights Plaintiffs and/or members of the proposed classes may have had under federal, state or local laws, rules, regulations or guidelines.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiffs have failed to include all necessary parties to this action.

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendants allege that they do not presently know all of the facts concerning Plaintiffs' conduct and/or claims sufficient to state all affirmative defenses at this time, and thus reserve the right to seek leave to amend this Answer should Defendants later discover facts to support additional affirmative defenses.

Gordon Rees Scully Mansukhani, LLP
655 University Avenue, Suite 200
Sacramento, CA  95825

DEFENDANTS' ANSWER TO COMPLAINT TO COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

CASE NO. 3:17-cv-02510-JST

**PRAYER**

WHEREFORE, Defendant prays as follows:

1.      That Plaintiff's Complaint, and the whole thereof, be dismissed;

2.      That Plaintiff take nothing by reason of the Complaint;

3.      That this suit cannot be maintained as a class action;

4.      That judgment be rendered in favor of Defendant;

5.      For entry of a declaratory judgment against Plaintiff and in favor of Defendant; and,

6.      For such other relief as the court deems just and proper.

**JURY DEMAND**

Defendant hereby demands a trial by jury of all issues triable by jury.


Dated: November 13, 2017                    GORDON REES
                                            SCULLY MANSUKHANI, LLP


                                    By:     _/s/ Beatriz Berumen_____
                                            Mark S. Posard
                                            Beatriz Berumen
                                            Attorneys for Defendants

**Gordon Rees Scully Mansukhani, LLP**
**655 University Avenue, Suite 200**
**Sacramento, CA  95825**

1138145/33049296v.1

DEFENDANTS' ANSWER TO COMPLAINT TO COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF

CASE NO. 3:17-cv-02510-JST