UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDENT A, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BERKELEY UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 17-cv-02510-JST<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: ECF Nos. 160, 162 |

Before the Court are Plaintiffs' unopposed motions for final approval of the settlement agreement and for attorney's fees. ECF Nos. 160, 162.

## I.    FINAL APPROVAL OF SETTLEMENT AGREEMENT

Having reviewed the parties' briefs and the supplemental submissions in support of final approval, the Court will grant the motion for final approval of the Settlement Agreement[1]:

1.    The Court has jurisdiction over this action and each of the parties to the Agreement.

2.    The Court has held that the non-opt-out class should be certified for the purpose of this Agreement under Federal Rule of Civil Procedure 23, under the terms of the Agreement. The Court confirms that the class preliminarily certified under Rule 23 is appropriate for the reasons set forth in its preliminary approval order, and hereby finally certifies the following non-opt-out class:

---

[1] The capitalized terms used in this order shall have the same meaning as defined in the Settlement Agreement except as otherwise stated. The Agreement is deemed incorporated into this order.

> All current and future [Berkeley Unified School District ("BUSD")] students who have, may have, or are suspected of having a reading disability, such as dyslexia, within the meaning of [the Individual Disabilities Education Improvement Act], Section 504 [of the Rehabilitation Act of 1973], and/or [California Education Code] Section 56000.

ECF No. 153-6 at 4.

3. For purposes of the Settlement Agreement, the Court hereby finally certifies Plaintiffs Student A, by and through Parent A, her guardian; Student B, by and through Parent B, his guardian; Student C, by and through Parent C, his guardian; and Student D, by and through Parent D, her guardian, each one individually and on behalf of themselves (collectively, "Plaintiffs"), as Class Representatives, and Jacobson Education Law, Inc. ("JEL"), the Disability Rights Education and Defense Fund ("DREDF"), and King & Spalding LLP as Class Counsel.

4. The Parties complied in all material respects with the notice plan set forth in the Settlement Agreement, ECF No. 153-6, the Court's preliminary approval order, ECF No. 156, and the Court's order approving notice, ECF No. 158. The Court finds that Plaintiffs' notice to the Settlement Class (as amended pursuant to the Court's order) constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the class of the pendency of the litigation, the existence and terms of the Settlement Agreement, Class Member's rights to make claims or object, and the matters to be decided at the final approval hearing. Further, the notice plan satisfied the requirements of the United States Constitution, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law. All requirements of the Class Action Fairness Act, 29 U.S.C. § 1711, et seq., have been met.

5. The Court finds that full opportunity has been given, including at the final approval hearing held on November 4, 2021, for the Class Members to object to the terms of the Settlement Agreement and the request for attorney's fees. To date, no objections have been submitted.

6. The Court finds that the Settlement Agreement is fair, reasonable, and adequate to the Class Members. The Court therefore finally approves the Settlement Agreement due to the fact that the Settlement Agreement was the product of arms-length negotiations between competent, able counsel and conducted with the oversight and involvement of a neutral mediator;

the record was sufficiently developed and complete through meaningful discovery and motion proceedings enabled counsel for the Parties to adequately evaluate and consider the strengths and weaknesses of their respective positions; the litigation involved disputed claims, which underscores the uncertainty and risks of the outcome in this matter; the Settlement Agreement provides meaningful remedial benefits for the disputed claims; and the parties were represented by qualified counsel who, throughout this case, vigorously and adequately represented their respective parties' interests.

*** 

Accordingly, the motion for final approval of the Settlement Agreement is hereby granted, and the settlement of the class action is approved. Pursuant to and in accordance with Rule 23, the Court fully and finally approves the Agreement in all respects including, without limitation, the terms of the Agreement; the releases provided for therein; and the dismissal with prejudice of the claims asserted in this action, and finds that the Agreement is, in all respects, fair, reasonable, and adequate, and is in the best interests of Plaintiffs and the Class.

The parties are directed to implement, perform, and consummate the Agreement in accordance with the terms and provisions of the Agreement. In accordance with the Settlement Agreement and to effectuate the Agreement, Defendants shall develop and implement the "Literacy Improvement Program" as set forth in Exhibit A to the Agreement. ECF No. 153-6. The Program will be implemented over a three-year period beginning with the 2020-2021 school year, with an understanding that additional time may be necessary to achieve the overall goal of increasing general education reading achievement within BUSD schools. ECF No. 153-6 at 4.[2] The Program will also include a Monitor who will receive and submit progress reports on the implementation of the Agreement.

As of the Effective Date, pursuant to Rule 54(b), all claims against Defendants are

---

[2] The Settlement Agreement provides for a three-year period, ECF No. 153-6 at 4, but elsewhere the parties refer to a three-to-five-year period, ECF Nos. 153 at 10; 153-6 at 27. The Court's understanding is that the Settlement Agreement is designed to be implemented over a three-year period, but that additional time may be necessary to fully effectuate the relief contemplated by the parties' agreement.

3

dismissed with prejudice. The parties shall bear their own costs and expenses, except as otherwise expressly provided in the Agreement as discussed below.

The terms of the Agreement and this order shall be binding on Defendants, Plaintiffs, and all Class Members, as well as their respective current and former beneficiaries, heirs, descendants, dependents, marital communities, administrators, executors, representatives, predecessors, successors, and assigns, and as described under the Agreement. The releases of the claims, as set forth in the Agreement, are expressly incorporated herein in all respects. The releases are effective as of the date of the entry of this order.

Without affecting the finality of this order in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, implementation, and enforcement of the Agreement; (b) Class Counsel's motion for attorney's fees; and (c) the Class Members for all matters relating to this action.

Finding no just reason to delay entry of this order as a final judgment with respect to the claims asserted in this action, the Clerk of the Court is directed to enter judgment pursuant to Rule 54(b) as against Defendants.

## II. ATTORNEY'S FEES AND COSTS

DREDF and JEL[3] request an attorney's fees award of $350,000. ECF No. 160 at 9. The request is made mindful of the "significant and valuable result for the Class in this complex case," the time and resources committed to this case, and the litigation risk Class Counsel assumed. ECF No. 160 at 10, 14-15. Class Counsel asserts that the fee request represents about 16% of DREDF's lodestar of $1,105,645.90, ECF No. 160-2 at 5, and about 18% of JEL's lodestar of $940,802.50, 106-5 at 2.

"While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreements, . . . courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (internal

---

[3] Goodwin, King & Spalding, and Venable do not request attorney's fees. ECF No. 160 at 7-8 n.1, 14 n.2.

4

citation omitted). The lodestar method is one way of determining whether the requested attorney's fees are reasonable. *See Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1081 (N.D. Cal. 2010) (applying lodestar method to evaluate attorney's fees in a Section 12205 action). Under this method, a "lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth*, 654 F.3d at 965.

DREDF's hourly rates range from $340 to $985 per hour and JEL's range from $410 to $485. ECF No. 160 at 16. Courts in this district have approved similar rates. *See Dickey v. Advanced Micro Devices, Inc.*, No. 15-cv-04992-HSG, 2020 WL 870928, at *8 (N.D. Cal. Feb. 21, 2020) (finding rates between $275 to $575 for associates and $615 to $1,000 for partners "in line with prevailing rates in this district for personnel of comparable experience, skill, and reputation"); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2020 WL 4212811, at *26 (N.D. Cal. July 22, 2020) (approving rates of $450 to $900 for partners, depending on seniority, $160 to $850 for non-partner attorneys, with most under $500, and $50 to $380 for staff members); *Superior Consulting Servs., Inc. v. Seeves v. Kiss*, No. 17-cv-6059-EMC, 2018 WL 2183295, at *5 (N.D. Cal. May 11, 2018) ("[D]istrict courts in Northern California have found that rates of $475-$975 per hour for partners and $300-$490 per hour for associates are reasonable.").

The Court finds JEM's and DREDF's hourly rates reasonable. Class Counsel includes attorneys with extensive experience in the areas of disability rights and student inclusion in education. *See* ECF Nos. 160-2, 160-3, 160-4, 160-5. Even if the Court were concerned about DREDF and JEL's purported rates – which it is not – the fact that the requested attorney's fees represent such a steep discount of these rates would alleviate any concern. The Court also finds the number of hours spent on this litigation to be reasonable. Class Counsel actively litigated this case for over three years. During that time, their efforts included: drafting and filing a complaint, ECF No. 1, opposing a motion to dismiss, ECF No. 55, participating in three ADR phone conferences, ECF Nos. 60, 74, 77, attending five settlement conferences, ECF Nos. 86, 106, 109, 113, 114, and engaging in extensive discovery efforts, ECF No. 160-1. For all these reasons, the

Court grants Class Counsel's request for an attorney's fees award of $350,000.[4]

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion for final approval of the Settlement Agreement and orders the Clerk to enter judgment. The Court also grants Plaintiffs' motion for attorney's fees.

**IT IS SO ORDERED.**

Dated:  November 4, 2021



JON S. TIGAR
United States District Judge

---

[4] Although agreed-upon attorney's fees, like clear sailing provisions, deprive "the [C]ourt of the advantages of the adversary process," the Court finds no sign of bad faith in this case. *In re Bluetooth*, 654 F.2d at 949.  The parties negotiated attorney's fees "after all substantive terms pertaining to injunctive relief had been resolved," ECF No. 160 at 11, the money is not coming out of a common fund, the ultimate amount was agreed upon only after lengthy negotiations, ECF No. 160-1 at 4, and, as stated in this order, the amount requested is reasonable.